09-3161-ag
Dong v. Holder

BIA
A095 369 389

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16ᵗʰ day of March, two thousand ten.

PRESENT:
>        JOSEPH M. McLAUGHLIN,
>        ROBERT A. KATZMANN,
>        RICHARD C. WESLEY,
>            *Circuit Judges.*

_____

XU QING DONG,
             *Petitioner*,

             v.                              09-3161-ag

                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
             *Respondent.*

_____

FOR PETITIONER:     Michael Brown, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney
                    General, Civil Division; Greg D.
                    Mack, Senior Litigation Counsel,
                    Office of Immigration Litigation;
                    Lisa M. Damiano, Trial Attorney,
                    Office of Immigration Litigation,
                    United States Department of Justice,
                    Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Xu Qing Dong, a native and citizen of People's Republic of China, seeks review of a July 14, 2009, order of the BIA denying his motion to reopen. *In re Xu Qing Dong*, No. A095 369 389 (B.I.A. July 14, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case. This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

There is no dispute that Dong's December 2008 motion to reopen was untimely because the agency issued a final order of removal in May of 2004. *See* 8 C.F.R. § 1003.2(c)(2). However, there is no temporal or numerical limitation for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."

2

8 C.F.R. § 1003.2(c)(3)(ii).

Here, the BIA did not abuse its discretion in finding that Dong failed to establish changed country conditions excepting his motion to reopen from the applicable time limitations. *Id.* First, the BIA reasonably declined to give weight to the evidence Dong submitted purportedly showing his political involvement in the United States. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (citing *Asociacion de Compositores y Editores de Musica Latino Americana v. Copyright Royalty Tribunal,* 854 F.2d 10, 13 (2d Cir. 1988)). The BIA's finding in this respect was particularly appropriate given its prior adverse credibility determination. *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147-48 (2d Cir. 2007).

Second, the BIA reasonably concluded that Dong failed to present evidence establishing a material change in the Chinese government's treatment of political dissidents. While Dong provided a notice from the Lao Feng Village Committee indicating that government officials were aware of his political activities and asylum application in the United States, such evidence is indicative of a change in

3

personal circumstances, not changed country conditions that would warrant reopening his removal proceedings. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                      FOR THE COURT:
                                      Catherine O'Hagan Wolfe, Clerk

4